**156**

Steven BELCHER, Appellant,

v.

MANPOWER OF INDIANA; Honorable Steven G. Bolton, Administrative Law Judge; and Workers' Compensation Board, Appellees.

NO. 2015–CA–001781–WC

Court of Appeals of Kentucky.

RENDERED: JUNE 3, 2016; 10:00 A.M.

Brief for Appellant: Paul A. Brizendine, Jeffersonville, Indiana.

Brief for Appellee: David D. Black, Louisville, Kentucky.

BEFORE: COMBS, DIXON AND STUMBO, JUDGES.

## OPINION

COMBS, JUDGE:

Appellant, Steven Belcher (Belcher), seeks review of a decision of the Workers' Compensation Board (the Board). The Board affirmed in part, vacated in part, and remanded, instructing that the Administrative Law Judge (the ALJ) recalculate the average weekly wage (AWW) in accordance with KRS[1] 342.140(1)(d). Finding no error, we affirm.

We address the record only as necessary to resolve the issue on appeal. Belcher was employed by Appellee, Manpower of Indiana ("Manpower"), a staffing agency. He was hired in early 2013 and worked at three or four different places. Belcher's work assignments, hours, and rate of pay varied. He was paid by the hour. One assignment was at a factory. Belcher had another assignment at Fire King assembling safes. That job lasted about four months. On June 25, 2013, Belcher sustained an injury while on an assignment at Canteen Vending, where he performed maintenance/janitorial work. Belcher

---

1. Kentucky Revised Statutes (KRS).

thought that he had worked at Canteen Vending for about a month before the date of his injury.

Wage records reflect that before the injury, Belcher worked for Manpower from the week ending February 3, 2013, through the week ending June 23, 2013, a period of approximately twenty calendar weeks. He received wages in fourteen of those weeks prior to the injury. Belcher worked for Manpower for another few weeks after the injury; during that time, he watched safety videos in Manpower's office.

The parties could not agree on an AWW. Belcher proposed $314.43; Manpower proposed $286.15. The ALJ applied KRS 342.140(1)(d) in calculating the AWW. That statute provides that where:

> [t]he wages were fixed by the ... hour ... the average weekly wage shall be the wage most favorable to the employee computed by dividing by thirteen (13) the wages (not including overtime or premium pay) of said employee earned in the employ of the employer in the first, second, third, or fourth period of thirteen (13) consecutive calendar weeks in the fifty-two (52) weeks immediately preceding the injury;

The ALJ explained as follows:

> [Belcher] was at all times an employee of Manpower of Indiana, temporarily assigned to various concerns with which the employer had contracted to provide labor. For that reason, we are not limited to the weeks he was assigned to Canteen Vending.... Because the claimant was employed for 18 weeks [2], we would take the wage most favorable to the employee computed by dividing

by 13 the wages of said employee earned in the first 13 week period of the thirteen consecutive weeks in the 52 weeks <u>immediately preceding the injury</u> .... (underline original).

The ALJ determined that Belcher's AWW was $411.35.

Manpower filed a Petition for Reconsideration, asserting that the "ALJ did not use consecutive calendar weeks to determine [Belcher's] AWW. The ALJ used weeks from both the first and second quarters [prior to the injury date] and skipped over weeks where [Belcher] did not have earnings." In his Order and Amended Order on Reconsideration, the ALJ stated that "[a]s to the first allegation of error, [Manpower] is incorrect, I did calculate [Belcher's] AWW using the only 13 week period prior to the injury...."

Manpower appealed to the Board, which vacated and remanded for a determination of Belcher's AWW in accordance with KRS 342.140(1)(d). The Board explained:

> The ALJ computed the gross pay for thirteen weeks, "the weekly earnings of $401.50, $385.00, $154.00, $324.00, $243.00, $480.00, $480.00, $480.00, $480.00, $480.00, $480.00, $480.00, and $480.00 when added total $5,347.50, which divided by 13 equals an average weekly wage of $411.35."
>
> Upon review, it appears the ALJ based his computation of Belcher's AWW on wages paid from February 3, 2013 through June 23, 2013, more than thirteen weeks.... [T]he ALJ took into consideration only the weeks Belcher received compensation, and excluded the weeks he did not receive compensation in computing a thirteen week

---

2. It appears that the reference to eighteen weeks relates to the total number of weeks that Belcher earned wages while he was employed by Manpower—pre- and post-injury. As noted above, Belcher started working for Manpower the week ending February 3, 2013, approximately twenty calendar weeks before the June 25, 2013, injury date. He received wages in fourteen of those pre-injury weeks. After the injury, Belcher worked in Manpower's office for a few weeks. His last check was for the week ending July 28, 2013.

period. Therefore, we find the ALJ's computation of Belcher's preinjury AWW is not in accordance with KRS 342.140(1)(d) since he did not base it on the a[sic] period of "thirteen consecutive calendar weeks." On remand, the ALJ must compute Belcher's pre-injury AWW by using the most favorable period of thirteen consecutive weeks, which is to include the weeks in which Belcher earned no wages. Once this determination is made, the ALJ shall adjust the award of income benefits accordingly.

On appeal, Belcher contends that the ALJ's $411.35 AWW should be upheld and that the Board erred in remanding for recalculation of the AWW under KRS 342.140(1)(d). Belcher argues that the Board should not have viewed his "sporadic job placements [at Manpower] as continuous employment." Belcher reasons that if the Board had "viewed Belcher's job at Canteen as separate and discreet employment, KRS 342.140(1)(d) would be inapplicable and KRS 342.140(1)(e) would be the proper methodology for determining AWW." KRS 342.140(1)(e) governs computation of the AWW where the employee was employed fewer than thirteen weeks prior to the injury date:

> The employee had been in the employ of the employer less than thirteen (13) calendar weeks immediately preceding the injury, his or her average weekly wage shall be computed under paragraph (d), taking the wages (not including overtime or premium pay) for that purpose to be the amount he or she would have earned had he or she been so employed by the employer the full thirteen (13) calendar weeks immediately preceding the injury and had worked, when work was available to other employees in a similar occupation. . . .

Belcher draws our attention to *Nesco v. Haddix*, 339 S.W.3d 465 (Ky.2011), in which the claimant worked for *Nesco*, a staffing company. The Court determined that KRS 342.140(1)(e) governed calculation of the claimant's AWW because the evidence presented compelled a conclusion that each placement was a separate employment and that her injury occurred three days after her most recent assignment. In remanding for calculation of the AWW, the *Nesco* Court observed: "Unique to the present case are two facts. First . . . Nesco and the claimant had a sporadic employment relationship of nearly two years' duration. Second, Nesco sometimes offered work that the claimant declined." *Id.* at 471.

The facts of *Nesco* are distinguishable from those in the case before us. In this case, there was no evidence that Manpower **sometimes** offered assignments which Belcher was at liberty to decline. And the ALJ did not find that Belcher and Manpower had a sporadic employment relationship. On the contrary, the ALJ determined that Belcher "was at all times an employee of Manpower of Indiana, temporarily assigned to various concerns with which the employer had contracted to provide labor. For that reason, we are not limited to the weeks he was assigned to Canteen Vending. . . ."

We agree with the Board, which held as follows: "KRS 342.140(1)(d) is the applicable statute since Belcher earned an hourly wage, and had worked for Manpower for more than thirteen weeks immediately preceding the injury." We also agree with the Board that the ALJ's computation was not calculated in accordance with KRS 342.140(1)(d) because he did not base it on thirteen consecutive calendar weeks.

We affirm the Board in all respects.

ALL CONCUR.